972 F.2d 348
 141 L.R.R.M. (BNA) 2152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
James E. STEELE, a Sole Proprietor, d/b/a Reddi Electric, Respondent.
 No. 92-5836.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1992.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, James E. Steele, a sole proprietor, d/b/a Reddi Electric, its officers, agents, successors, and assigns, enforcing its order dated December 31, 1991, in Case No. 7-CA-31968, and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondent, James E. Steele, a sole proprietor, d/b/a Reddi Electric, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Failing and refusing to abide by all terms and conditions of employment set forth in the Inside Wireman contract with the Union, including, inter alia, failure to pay contractual wages to employees, failure to tender fringe benefit contributions, and failure to follow referral procedures set forth in the contract.
 
 
 4
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 5
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 6
 (a) Give full force and effect to the terms and conditions of employment set forth in the 1990-1992 Inside Wireman contract by, inter alia, paying contractual wages, tendering all contractually required fringe benefit contributions, following referral procedures set forth in the contract, and making any bargaining unit employees adversely affected by the actions found unlawful whole for any loss suffered as a result of those actions in the manner set forth in the remedy section of the Board's Decision.
 
 
 7
 (b) On request, bargain in good faith with the Union as the collective-bargaining representative of the employees in the unit for the term of the 1990-1992 Inside Wireman contract regarding wages, hours, and other terms and conditions of employment.
 
 
 8
 (c) Preserve and, on request, make available to agents of the National Labor Relations Board, for examination and copying, all records that are needed to analyze and determine the amounts of money due under the terms of this Judgment.
 
 
 9
 (d) Post at its facility in Inkster, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 10
 (e) Notify the Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 11
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 12
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 13
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 14
 WE WILL NOT refuse to bargain with Local 252, International Brotherhood of Electrical Workers, AFL-CIO by failing and refusing, for the term of the 1990-1992 Inside Wireman contract, to pay contractual wages, tender contractually required fringe benefit contributions on behalf of bargaining unit employees, or follow referral procedures set forth in the current Inside Wireman contract.
 
 
 15
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 16
 WE WILL make our unit employees whole for any loss of earnings and other benefits resulting from our failure to pay contractual wages under the 1990-1992 Inside Wireman contract, and WE WILL tender any delinquent fringe benefit fund contributions required under the contract and reimburse our unit employees for any expenses ensuing from the failure to make those payments.
 
 
 17
 /S/ JAMES E. STEELE A SOLE PROPRIETOR,
 
 
 18
 /S/ d/b/a REDDI ELECTRIC
 
 
 19
 /S/ (Employer)
 
 Dated ____________
 
 20
 By ___________________________________ (Representative) (Title)
 
 
 21
 This is an official notice and must not be defaced by anyone.
 
 
 22
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.