974 F.2d 1338
 141 L.R.R.M. (BNA) 2152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
ROCFORM CORP., Respondent.
 No. 92-5939.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1992.
 
 Before KENNEDY and JONES, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 CONSENT JUDGMENT
 
 1
 The National Labor relations Board issued a Decision and Order on August 28, 1991, against Resondent, Rocform Corp., its officers, agents, successors, and assigns, and the parties having consented to the entry of a consent judgment by stipulation dated April 16, 1992, and the Board having applied to this Court for the entry of a consent judgment, upon consideration of said application and stipulation:
 
 
 2
 IT IS HEREBY ORDERED AND ADJUDGED by the Court that the Respondent, Rocform Corp., its officers, agents, successors, and assigns, shall take the following affirmative action which the National Labor Relations Board has found will effectuate the policies of the National Labor Relations Act, as amended:
 
 
 3
 (a) Make whole the Detroit Millmen's Local 1452, United Brotherhood of Carpenters and Joiners of America, AFL-CIO by payment to it of $1,697.90 in dues and by payment to its Pension Benefit Fund for contributions not made, by payment to said Fund of $12,775.69.
 
 
 4
 (b) Respondent agrees to pay all current pension contributions to the Charging Party's Pension Benefit Fund and to remit dues withhold from employees' paychecks in a timely manner.
 
 
 5
 (c) Respondent will make payments described above in paragraph (a) in 15 equal monthly installments. The first payment and each succeeding payment to the Charging Party's Pension Benefit Fund will be in the amount of $851.71 (Eight hundred fifty-one dollars and seventy-one cents). The first payment and each succeeding payment to the Charging Party for dues not transmitted will be $113.19 (One hundred thirteen dollars and nineteen cents). The first of these payments shall be due in the Regional Office of the Seventh Region of the National Labor Relations Board on or before April 30, 1992. These checks, and any additional payments, will be held by the Regional Director of the Seventh Region until the Board issues a Supplemental Order approving the Stipulation, at which time those checks, and the remaining checks, will be forwarded to the Charging party and its Pension Benefit Fund. The remaining payments shall be due in the Regional Office of the Seventh Region of the Board on or before the last day of each successive month until the full amount is paid. Respondent shall issue respective checks made payable to the Charging Party's Pension Fund and the Charging Party for the amounts due.
 
 
 6
 (d) If any installment other than the final installment is not paid on or before its due date, the full unpaid balance shall become immediately due and payable and the Board may, without further notice, institute proceedings against Respondent for the collection of the full indebtedness remaining due, with additional interest due on the entire unpaid balance from the date of default until full payment is received, computed in accordance with the formula set forth in New Horizons for the Retarded, 283 NLRB 1173 (1987).
 
 
 7
 Mandate shall issue forthwith.